IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE M. RICO SCHNEIDER )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1299
)
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 6) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.**     **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since September 15, 2009.[2] (ECF No. 4-9, p. 2). Administrative Law Judge ("ALJ"), Michael S. Kaczmarek, held a hearing on November 19, 2015. (ECF No. 4-4). On May 16, 2016, ALJ Kaczmarek found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 19-29).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] A prior hearing was held by ALJ Appetta on November 25, 2013. (ECF No. 4-3). On January 24, 2014, ALJ Appetta ruled that Plaintiff was not disabled on or before the date last insured. Plaintiff filed a request for review. The Appeals Council granted her request, vacated the decision and remanded to the ALJ "for further consideration of imaging studies showing degenerative changes in the cervical spine; for analysis of claimant's mental impairment; for consideration of medical opinion; and for a new hearing with vocational expert testimony (if warranted)." (ECF No. 4-2, p. 19).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the

claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**     **SSR 16-3p**

Plaintiff argues that the ALJ erred in failing to consider SSR 16-3p. (ECF No. 7, pp. 10-12). SSR 16-3p went into effect on March 28, 2016. SSR 16-3p supersedes SSR 96-7p, the previous rule governing the evaluation of subjective symptoms. *See,* SSR 16-3p, 2016 WL 1119029 (March 16, 2016). SSR 16-3p removes the term "credibility," clarifying that the subjective symptom evaluation is not an examination of an individual's character but rather an ALJ is to "consider all of the evidence in an individual's record…to determine how symptoms limit ability to perform work-related activities." *Id.* at *2. In so doing, an ALJ is to use a two-step process. *Id.* at *2-33. Thus, after an ALJ finds "that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms", the ALJ shall then consider all of the evidence in the record when he/she evaluates the intensity and persistence of symptoms to determine how "symptoms limit [the] ability to perform work-related activities." *Id.* In this regard, and to the extent relevant and available, the ALJ should consider

3

objective medical evidence; individual statements; other medical sources; non-medical sources; the factors set forth in 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3) including daily activities; the location, duration, frequency and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment other than medication an individual receives or has received for relief of pain or other symptoms; any measures other than treatment used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *4-7.

The ALJ in this case cited to 20 C.F.R. §404.1529 and SSR 96-4p[3] and, while he did not cite to SSR 16-3p,[4] a plain reading of the opinion demonstrates that the ALJ followed the mandates of the same. (ECF No. 4-2, pp. 24-27). After the ALJ set forth the two-part test, he applied it to the individual facts of this case using the factors set forth above. *Id.* at pp. 25-28. In so doing, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF No. 4-2, pp. 24-25). Contrary to Plaintiff's assertion, the ALJ considered, at length and in detail, Plaintiff's pain and vertigo and made an assessment based on the entire record. *Id.* at pp. 24-27. As noted by the ALJ, "symptoms alone cannot form the basis for an award of disability…." (ECF No. 4-2, p. 26). 20 CFR §404.1529. I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). I find the

---

[3]SSR 16-3p generally tracks 20 C.F.R §404.1529(c) and §416.929(c), including the two-step process.

[4]I note that the ALJ did not cite to either SSR 16-3p or the superseded rule, 96-7p. *See,* ECF No. 4-2, pp. 21-29.

ALJ's determination in this regard is supported by substantial evidence. Thus, I find no merit to this argument.

### C. VA Rating Decisions

Plaintiff also argues that the ALJ "erred in his consideration of Claimant's eligibility for service connected compensation from the Department of Veterans Affairs." (ECF No. 7, pp. 13-15). A decision rendered by the VA is relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985). Of course, a decision by another governmental agency that an individual is disabled is not binding upon the ALJ. *See,* 20 C.F.R. §§404.1504, 416.904; *see also, Pratts v. Comm'r of Soc. Sec.,* Civ. No. 13-2372, 2015 WL 5139148 at *14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue,* Civ. No. 10-839, 2011 WL 4737605 at *5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart,* 448 F.Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. §404.1512(b)(1)(v). Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss,* 269 F.3d at 522 (ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating). Therefore, it is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'" *Pratts,* 2015 WL 5139148 at *15 (internal citations omitted).

In this case, the ALJ clearly considered the VA Rating. (ECF No. 4-2, p. 27). In fact, he references it in two different portions of his opinion. (ECF No. 4-2, pp. 25, 27). In connection with the ALJ's discussion of Plaintiff's military career, the ALJ stated, in pertinent part:

5

> The claimant had a long military career and she did not leave the Air Force for medical reasons, having simply retired after serving long enough to qualify for a pension. She did no sustained full-time work thereafter, but the evidence does not tie this fact to any actual or alleged impairments. Rather, she alleges disability onset in 2009, some five years after her retirement from the service. The lack of substantial gainful activity after she left the service seems to show that she did not intend to resume full-time work after she retired. She also now qualifies for partial service-connected VA disability compensation. It is thus likely that on and prior to the date last insured, she simply had little motivation to return to work at a job within her functional limitations, especially an entry-level job that might not produce earnings comparable to her past pay.

(ECF No. 4-2, p. 25). Plaintiff argues that this is a mischaracterization of the type of benefits she was receiving and, further, that the VA benefits should not have been held against her. (ECF No. 7, p. 15). With regard to the mischaracterization, Plaintiff asserts that the VA Rating was for total disability not partial disability. *Id.* at 13, 15. In response, Defendant states that she was not found to be rated 100% or "totally disabled." (ECF No. 14, p. 24). After a review of the record, I find that ALJ description of "partial service-connected VA disability compensation" is not a mischaracterization of the evidence. To be clear, the VA rated her impairments to range from 0 to 30% disabling, with only one impairment being service-connected. (ECF No. 4-11, pp. 22-27). Pursuant to 38 C.F.R. §4.16, these ratings do not qualify for a finding of unemployability due to total disability.[5] Consequently, I find no error in this regard on the part of the ALJ.

Plaintiff next objects to the ALJ use of the VA award against her suggesting that the fact that she "is receiving these benefits is not a disincentive to work – it is proof that she cannot work." (ECF No. 7, p. 15). While Plaintiff views it in that light, the ALJ is not required to do the same. Said evidence must be viewed in combination with the entire record. That is what the ALJ did in this case. (ECF No. 4-2, pp. 24-27). Thus, I find no error in this regard either.

Finally, Plaintiff argues that the ALJ did not give proper weight to VA Rating. (ECF No. 7, pp. 14-15). This argument is more persuasive. The VA Rating sets forth functional limitations indicating how an impairment limits the ability to work. (ECF No. 4-11, pp. 22-27).

---

[5] For a determination of unemployability due to total disability, if there are two at least or more disabilities, "there shall be at least one disability ratable at 40 percent or more…." 38 C.F.R. §4.16(a). None of Plaintiff's impairments is rated at 40 percent or more. (ECF No. 4-11, pp. 22-27).

Additionally, the VA decision contains a determination of the percentage for which a particular condition is disabling, the evidence considered and the basis for the same. *Id.* An ALJ is required to consider the same in connection with the totality of the evidence of record. While there is no formulaic or magic language an ALJ must follow when considering a VA Rating, an ALJ must weigh the VA Rating and sufficiently discuss the reason(s) for the weight given such that this court can conduct a meaningful review.

In discussing the VA's Rating, the ALJ here merely stated as follows:

The Administrative Law Judge recognizes the VA's award of a service-connected disability, and its opinion that vocational rehabilitation services would have a low likelihood of success (Exhibits B-8E, B-10E). Another agency's determination of disability does not bind the Social Security Administration (20 CFR 404.1504).

(ECF No. 5-2, p. 27). Given this statement, the ALJ obviously considered the VA award. *Id.* Yet, the ALJ failed to weigh or analyze the VA decision in meaningful manner. *Id.* Rather, he merely referenced the decision and noted that the VA's determination does not bind him. *Id.* at p. 27. He failed to give any other reason or explanation for apparently giving VA decision little weight. His lack of discussion prohibits me from conducting a meaningful review. As a result, I find the ALJ's failure to weigh or analyze the VA decision in any meaningful manner was error. *Pratts,* 2015 WL 5139148 at *15. Consequently, remand on this basis is warranted.[6]

An appropriate order shall follow.

---

[6] On page 10 of Plaintiff's Brief, she lists as a third issue – that the ALJ erred in finding that jobs exist in significant numbers in the national economy that she could perform. (ECF No. 7, p. 10). Plaintiff fails to address, discuss or even mention this issue anywhere else in her Brief. *See,* ECF No. 7. As a result, I find this argument is undeveloped and insufficient to put the issue before me. Therefore, I decline to consider the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE M. RICO SCHNEIDER )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1299
)
)
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 20th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 6) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.